## CALHOUN v. SERIO.
### No. 4761.

Court of Appeal of Louisiana. Second Circuit.
May 4, 1934.

466

Hugh Tullis, of Vidalia, for appellant.
G. P. Bullis, of Vidalia, for appellee.

MILLS, Judge.

Plaintiff, J. Lee Calhoun, brings this action against Antonio Serio for $400, money loaned in 1926 and 1927, and $466.66, rent of a store building in Ferriday, La., at the rate of $50 per month for the period from March 15 to December 25, 1927. A credit of $27.09 in December, 1927, is acknowledged. Plaintiff alleges further that defendant, Serio, became insolvent in 1928, and by agreement with some of his creditors, including plaintiff, surrendered all his assets to a trustee who was to liquidate same and disburse the proceeds pro rata among the creditors; that in 1930 he received from the liquidator a partial payment of $73.40. He seeks judgment for the balance of $766.18, with legal interest on each item of indebtedness from the date it was incurred, and costs.

After pleading, in bar of plaintiff's demands, the prescription of three years, which was overruled, defendant for answer pleaded payment in that, he avers, the agreement under which the surrender of his property was made, as alleged, contemplated that it should constitute a full payment, settlement, and discharge of all the indebtedness, including that sued upon, covered by the agreement.

In a written opinion the trial judge held that defendant had failed to discharge the burden of proving payment, and rendered judgment for plaintiff for the amount claimed, with interest from judicial demand. From this judgment defendant alone has appealed.

In support of his plea of prescription, defendant contends that the payment of $73.40 made by the trustee February 14, 1930, which otherwise would interrupt prescription as to the whole indebtedness, must be imputed entirely to the most onerous item, that for rent. This position is untenable for the reason that the trustee's check covering the above payment contains the indorsement that it represents a 9.20% final dividend. This means that it is a payment of that per centum on each account and cannot be imputed in toto to any one of them. Therefore prescription was interrupted as to each one of the accounts and the plea in bar was correctly overruled.

On the merits, the testimony of defendant is that he was told by Rothschild, the trustee who he says was acting for him, that the surrender of his property would operate as a full discharge of his debts. No other witness corroborates his testimony, and Rothschild is dead. Calhoun, the plaintiff, swears that he did not enter into, and knew nothing of, any such agreement.

Counsel for defendant contends that, because of the rejection of the testimony of Calhoun in other appeals to this court, we should refuse to believe him in this case. We can only say that the question of credibility is primarily one for the trial court, which is presumably aware of the standing of the parties, and which, in this case, found for plaintiff.

Furthermore, Serio does not claim that Calhoun or the other creditors entered into such a contract with him, merely stating that the deceased, Rothschild, told him that the surrender would have this effect.

For the reasons above assigned, the judgment appealed from is affirmed.